# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MILDRED RODRIGUEZ,**

        **Plaintiff,**

**-vs-**                                      **Case No.  6:04-cv-1644-Orl-28KRS**

**CLASSIC STUDIOS, INC., DIAN DULL,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 17)**
>
> **FILED:**     **August 2, 2005**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.  PROCEDURAL BACKGROUND.

On November 10, 2004, Mildred Rodriguez filed a complaint against Classic Studios, Inc. (CSI) and Dian Dull, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, Chapter 448 of the Florida Statutes, and Florida common law.  Doc. No. 1.  Rodriguez alleges that CSI and Dull failed to pay her overtime compensation while she was employed by CSI and that CSI failed to pay her wages to which she was entitled

pursuant to Chapter 448 of the Florida Statutes, and Florida common law. Rodriguez also seeks liquidated damages, attorney's fees and costs.

The complaint was timely served on CSI on or about April 13, 2005. *See* Doc. No. 11; Doc. No. 14, at 10. CSI did not respond to the complaint. On June 2, 2005, at Rodriguez's request, the Clerk of Court entered a default against CSI. Doc. No. 16.

Dull was not served until August 23, 2005. Doc. No. 22. Thus, Dull still has time to appear and respond to the complaint.

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The defaulting defendant does not admit the amount of damages to be awarded. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed the work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*

### III.    ANALYSIS.

Under the FLSA, both the corporate employer and the individual with operational control of the corporation may be jointly and severally liable. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)(quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  Entering a default judgment against only CSI, the corporate employer in this case, raises the possibility of inconsistent judgments should Dull, the individual alleged to have operation control over CSI, subsequently appear and defend on the grounds that she, through CSI, did not violate the FLSA, or that any such violation was not wilful.  The possibility of inconsistent judgments should be avoided whenever possible.  *See, e.g., Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984).

The possibility of inconsistent judgments as between two defendants in an FLSA case has played out in another case before this Court involving Rodriguez's counsel.  In that case, a FLSA plaintiff sought a default judgment against one of two defendants, which the Court granted. *Petitfrere v. AJA Restaurants, Inc.*, No. 6:04-cv-00458-ORL-18KRS, Doc. No. 32 (M.D. Fla. July 5, 2005). Subsequently, the plaintiff moved for a default judgment against the other defendant and supported this motion with evidence that was inconsistent with the evidence presented in support of its first default judgment motion.  I recommended that the Court decline to enter a default judgment against the second defendant that was inconsistent with the default judgment entered against the

first defendant because both defendants were jointly and severally liable, which recommendation was adopted by the presiding district judge.

In sum, granting a default judgment with respect to only one of the two defaulting defendants in this case would be an inefficient use of judicial resources and could result in the entry of inconsistent judgments should Dull appear and defend this matter.

**IV.     RECOMMENDATION.**

For the reasons stated above, I respectfully recommend that the Court **DENY** Rodriguez's Motion for Entry of Default Judgment (Doc. No. 17) without prejudice to renewing it after the merits of the claim are resolved as to Dull or, alternatively, a default is entered against Dull.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 29, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy