# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MILDRED RODRIGUEZ,**

       **Plaintiff,**

**-vs-**                               **Case No. 6:04-cv-1644-Orl-28KRS**

**CLASSIC STUDIOS, INC., DIAN DULL,**

       **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Renewed Motion for Entry of Default Final Judgment as to Both Defendants. Doc. No. 27. The defendants, Classic Studios, Inc. (CSI) and Dian Dull, have not responded to the motion for entry of default judgment. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I.  PROCEDURAL HISTORY.**

On November 10, 2004, Mildred Rodriguez filed a complaint against CSI and Dull, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, Chapter 448 of the Florida Statutes, and Florida common law. Doc. No. 1. Rodriguez alleges that CSI and Dull failed to pay her overtime compensation and that CSI failed to pay her regular wages while she was employed by CSI. Rodriguez also seeks liquidated damages, attorney's fees and costs.

The complaint was served on CSI in April 2005. Doc. No. 14. The complaint was served on Dull on August 23, 2005. Doc. No. 25. Neither CSI nor Dull responded to the complaint. Consequently, at Rodriguez's request, the Clerk of Court entered defaults against both CSI and Dull. Doc. Nos. 16, 26. On September 23, 2005, Rodriguez filed a motion for entry of final default judgment as to both defendants. Doc. No. 27.

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2nd Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

**III.   ALLEGATIONS OF THE COMPLAINT.**

Rodriguez was employed by CSI and engaged in commerce as defined by the FLSA. Complaint ¶¶ 4-7. Dull owned or was an officer of CSI at all times relevant to Rodriguez's FLSA claim and she was "substantially in control of the terms and conditions of [Rodriguez's] work[.]" Complaint ¶¶ 8-9. CSI and Dull willfully failed to compensate Rodriguez at the statutory overtime rate for work in excess of forty hours a week. *Id*. at ¶ 12.

**IV.   ANALYSIS.**

   A.   State Law Claims.

Before turning to the merits of Rodriguez's FLSA claim for unpaid overtime compensation, I will briefly address her claim for violation of Florida Statute 448 and Florida common law. Chapter 448 does not provide a private right of action to collect unpaid wages. Counsel for the plaintiff has not cited to any case law authorizing such a right of action under Chapter 448, and I have found none. *See, e.g.*, EMPLOYMENT IN FLORIDA: GUIDE TO EMPLOYMENT LAWS, REGULATIONS AND PRACTICES § 3 (Lexis 2004) (noting that Florida has no state law regulating minimum wage or hours worked); *cf. Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 575 (Fla. 5th Dist. Ct. App. 2002) (finding no cause of action under Florida Statute ch. 448.01 for hourly employees). Accordingly, CSI is not liable for any violations of Chapter 448.

To the extent that Rodriguez seeks to assert a claim for unpaid wages against CSI under Florida common law, she has failed to plead any cognizable basis for such a claim. The only theory that seems to fit the allegations of the complaint is a breach of contract claim. "'Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3)

damages.'" *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)). The complaint does not allege that Rodriguez had an oral or written contract with CSI. Because the complaint fails to allege the elements of a breach of contract claim, CSI did not admit that it breached a contract with Rodriguez when it failed to appear and file an answer.

B.  FLSA Overtime Compensation Claim.[1]

1.  *Liability*.

To prevail on a claim for payment of overtime under the FLSA, Rodriguez must establish the following:

First, that she was employed by CSI during the time period involved;

Second, that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that CSI failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

In addition, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To

---

[1] Although Rodriguez stated in her renewed motion for entry of default judgment that she sued CSI and Dull for minimum wages, Rodriguez did not assert a claim for unpaid minimum wages under the FLSA in her complaint. Accordingly, the issue of whether Rodriguez is due unpaid minimum wages is not before the Court.

be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id*. at 638.

By failing to answer the complaint, CSI admits that it employed Rodriguez during the relevant time period. It admits that Rodriguez was engaged in commerce. It admits that it failed to pay overtime as required by the FLSA. In addition, by failing to answer the complaint, Dull admits that she was substantially in control of the terms and conditions of Rodriguez's work. Accordingly, CSI and Dull are jointly and severally liable to Rodriguez for overtime compensation due but unpaid.

    2.    *Damages*.

        (a)    <u>Overtime Compensation</u>.

Under the FLSA, Rodriguez is entitled to be paid 1 and ½ times her regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Rodriguez avers that she was compensated at a rate of $10.50 per hour. Doc. No. 27 (Affidavit of Mildred Rodriguez). Rodriguez further avers that "[d]uring the week ending April 13, 2004," she worked a total of 71 hours for which she did not receive any compensation. *Id*. Rodriguez attests that she kept track of the hours she worked during this period.[2] *Id*. Thus, Rodriguez is entitled to 31 hours[3] of unpaid overtime

---

[2] It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendants have not appeared or presented records of the hours Rodriguez worked. Thus, Rodriguez's affidavit is sufficient evidence to show the amount and extent of the work she performed. *Id*.

[3] The hours worked in excess of forty during a workweek are computed as follows: total number of hours worked (71) minus forty hours (40) for a total of thirty-one (31) hours of overtime.

compensation at a rate of $15.75 per hour.[4]  Accordingly, CSI and Dull are liable, jointly and severally, to pay Rodriguez $488.25 for unpaid overtime compensation under the FLSA.

                (b)      <u>Liquidated Damages</u>.

By failing to answer the complaint, CSI and Dull admit that they acted willfully in failing to pay Rodriguez the statutorily required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay minimum wages or overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).[5]  Accordingly, CSI and Dull are liable, jointly and severally, to pay Rodriguez the amount of unpaid overtime compensation owed to her, $488.25, as liquidated damages.

C.      <u>Attorney's Fees and Costs</u>.

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably

---

[4] The overtime compensation rate is computed by multiplying the regular hourly rate ($10.50) by one and one-half (1.5) for a total of $15.75.

[5] Because Rodriguez is entitled to liquidated damages on her FLSA claim for unpaid overtime compensation, an award of prejudgment interest is not warranted. *See, e.g., Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Rodriguez seeks an award of $1,370.00 for the services provided by her attorneys, Charles L. Scalise and Laura A. Weis, in connection with this case. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

    1.    *Hourly Rate*.

Laura Weis has been licensed in Florida since April 2003. She specializes in employment law. Doc. No. 27 (Affidavit of Laura Weis). She seek an hourly rate of $200.00. The hourly rate requested

by Weis is excessive in light of her limited experience as a licensed attorney. I find that $150.00 per hour is more consistent with the prevailing market rate for attorneys practicing employment law with less than three years of experience. Accordingly, I conclude that $150.00 per hour is a reasonable hourly rate for Weis' work.

Scalise has been licensed in Florida since 1988. He specializes in employment law. *See, e.g., McCauley v. Protection Consultants, Inc.*, 6:04-cv-1460-GKS-KRS (M.D. Fla. April 8, 2005) (doc. no. 16). He seeks an hourly rate of $250.00. I find that his hourly rate is reasonable, in the absence of objection, in light of his experience and the work he performed in this matter.

2. *Reasonable Number of Hours*.

Rodriguez submitted a detailed time statement indicating the work performed by Weis and Scalise in this case. I find, in the absence of objection, that the hours requested by Weis and Scalise are appropriate.

The lodestar attorney's fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Laura A. Weis | $150.00 | 2.6 | $390.00 |
| Charles L. Scalise | $250.00 | 3.4 | $850.00 |
| Total Award: | | 6.0 | $1,240.00 |

3. *Costs*.

Rodriguez seeks an award of costs in the amount of $383.75 for reimbursement for the filing fee ($150.00) and for the costs of serving process in this case ($233.75). Doc. No. 27 (Affidavit of

Laura Weiss). I find, in the absence of objection, that Rodriguez is entitled to an award of costs from CSI and Dull, jointly and severally, in the amount requested.

## V.     RECOMMENDATION.

I respectfully recommend that Rodriguez's Renewed Motion for Entry of Default Final Judgment as to Both Defendants (Doc. No. 27) be **GRANTED**, in part, and **DENIED**, in part. I specifically recommend that the motion be **GRANTED** in part with respect to Count One, that the Court enter a default judgment against CSI and Dull on Rodriguez's FLSA claim for unpaid overtime compensation, and that the Court order CSI and Dull to pay Rodriguez damages, jointly and severally, in the amount of $976.50; attorney's fees in the amount of $1,240.00; and costs in the amount of $383.75. I specifically recommend that the motion be **DENIED** to the extent that it seeks relief as to Count Two, and that the Court dismiss the claim for unpaid wages set forth in that count of the complaint. I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 5, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy